UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ONE WORLD, LLC, et al.,

Plaintiffs,

v.

IOANNIS MANOLAKOS, individually and as Trustee of the T.J.S. MANOLAKOS REALTY TRUST, et al.,

Defendants.

Case No. 1:20-cv-11837-JEK

ORDER ON DEFENDANT'S RENEWED MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND TO APPEAR IN PERSON TO COMPLETE DEPOSITIONS AND PLAINTIFFS' CROSS-MOTION FOR A PROTECTIVE ORDER, TO COMPEL PRODUCTION OF DOCUMENTS AND TO EXTEND DEADLINE FOR FILING DISPOSITIVE MOTIONS
[Docket Nos. 182, 191]

July 18, 2024

Boal, M.J.

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Defendants have moved for an order compelling plaintiffs One World LLC and Gabriel Chaleplis (1) to produce documents; (2) to produce a proper Rule 30(b)(6) deponent; (3) to re-appear to complete their in-person depositions; and (4) sanctioning Plaintiffs' counsel for his surreptitious recording of One World's Rule 30(b)(6) deposition. Docket No. 182. Plaintiffs have cross-moved for (1) a protective order barring any further deposition of Chaleplis or a corporate representative of One World; (2) for a protective order barring any further discovery related to non-party B2B Gaming Services Malta LTD; (3) to compel production of documents from defendant Ioannis Manolakos;

and (4) to extend the deadline for filing dispositive motions. Docket No. 191.[1] For the following reasons, this Court grants in part and denies in part the motions as set forth below.

I. RELEVANT BACKGROUND

In this action, Plaintiffs seek to recover approximately $9,000,000 that defendants allegedly misappropriated as part of a broad conspiracy. See Docket No. 75. On June 13, 2023, Judge Zobel granted the Defendants' motion to compel and ordered, inter alia, that Plaintiffs appear in person for their depositions in Boston or at such other location as may be mutually agreed upon by the parties. Docket No. 140 at 1. Judge Zobel also ordered One World to produce written responses and all non-privileged documents in its possession, custody, or control that were responsive to Defendants' request for production of documents within ten days of the entry of the order. Id.

On January 26, 2024, Judge Kobick ordered Chaleplis and One World to appear in person for their depositions no later than February 26, 2024. Docket No. 158. Judge Kobick also ordered counsel for the Plaintiffs to notify the Court that the depositions had occurred, by filing a notice on the docket within three days of the depositions. Id. Judge Kobick also issued a scheduling order setting a fact discovery deadline of April 17, 2024, and a deadline for filing dispositive motions of May 17, 2024. Docket No. 161.

Shortly after the January 26, 2024, orders and status conference, counsel for Defendants emailed counsel for Plaintiffs to attempt to schedule the Plaintiffs' deposition prior to February 26, 2024. See Docket No. 162 at 12. Despite Judge Kobick's order that the depositions of Plaintiffs be completed by February 26, 2024, counsel for Plaintiffs proposed dates in March and April 2024. See id. at 3.

[1] On May 6, 2024, Judge Kobick referred the motions to the undersigned. Docket No. 195.

On February 5, 2024, the Plaintiffs filed an informal request to extend the February 26, 2024 deadline. Docket No. 166. Judge Kobick denied that request without prejudice for noncompliance with the Court's rules. Docket No. 168. Judge Kobick noted that she was not inclined to consider any renewed motion for an extension of the February 26, 2024, deadline unless the Plaintiffs committed to their availability to be deposed in Boston on March 21, 22, 25, and 26, 2024, and represented in their motion whether those dates worked for Defendants and, if not, offered additional dates before March 26, 2024, that were agreeable to both parties. Id.

After the parties agreed to deposition dates, the Plaintiffs filed a motion to amend the January 26, 2024 order on February 8, 2024. Docket No. 169. Judge Kobick granted the motion and ordered that the depositions of Chaleplis and One World were to be conducted on March 21, 2024 and March 22, 2024 at Plaintiffs' local counsel's office. Docket No. 170. The parties agreed to conduct Chaleplis's deposition on March 21 and One World's Rule 30(b)(6) deposition on March 22, 2024. See Affidavit of Travis J. Jacobs, Esq. in Support of Defendants' Renewed Motion to Compel Plaintiffs to Produce Documents and Appear in Person to Complete Depositions (Docket No. 184-2) ("Jacobs Aff.") at ¶ 5.

On March 21, 2024 at 8:25 a.m., Attorney Kasolas emailed counsel for Defendants:

> Travis and Amie,
>
> I have Fereniki and Gabriel [Chaleplis] with me here in Boston. But Gabriel is recovering from pneumonia and his [sic] not feeling well at all after the flight. I think it is necessary to have Fereniki go today and Gabriel tomorrow so he can recover somewhat better from the illness. I also don't want anything to happen with him during the deposition.
>
> Can you accommodate us under the circumstances?

Docket No. 189-4 at 2; see also Declaration of Bob Kasolas (Docket No. 189) ("Kasolas Decl."). at ¶ 8. Attorney Jacobs was unaware of Attorney Kasolas's email until he arrived at the location

for the deposition. Jacobs Aff. at ¶ 7. The parties agreed to go forward with One World's Rule 30(b)(6) deposition on March 21 and to begin Chaleplis's deposition at 9:00 a.m. on March 22. Id. at ¶ 8; Kasolas Decl. at ¶ 9.

One World's Rule 30(b)(6) deposition commenced at 9:58 a.m. on March 21, 2024. Kasolas Decl. at ¶ 9. It concluded at 12:22 p.m. Id. One World designated Fereniki Marathonitou as its representative. See Kasolas Decl. at ¶ 4. Marathonitou is not and has never been an employee, officer, director, owner, or managing agent of One World. Jacobs Aff. at ¶ 16. Defendants maintain that Marathonitou was not adequately prepared to testify on behalf of One World. See id. at ¶¶ 15-17.

During Marathonitou's deposition, defendant Ioannis Manolakos entered into the room for less than one minute. Kasolas Decl. at ¶ 10. Upon doing so, he launched verbal profanities at Attorney Kasolas and the witness before storming out. Id. The Defendants maintain that Manolakos drove into Boston on March 21 for Chaleplis's deposition only to learn that his deposition had been postponed. See Docket No. 192 at 1. Frustrated, he stated that it was a waste of his [swear] time to drive in and began to leave. Id. His comment was not directed at anyone in particular. Id.

Attorney Kasolas surreptitiously recorded Marathonitou's deposition. See Jacobs Aff. at ¶¶ 10-14. At the conclusion of Marathonitou's deposition, Attorney Jacobs asked Attorney Kasolas to delete the recording and he agreed to do so. Id. at ¶ 14.

Chaleplis's deposition was scheduled to start at 9:00 a.m. on March 22, 2024. See Kasolas Decl. at ¶ 11. At 9:01 a.m., Attorney Kasolas emailed Attorney Jacobs to let him know that they were running late. Id. at ¶ 12; Docket No. 189-5. According to Plaintiffs, the elevator in Chaleplis's hotel had malfunctioned that morning, which inhibited guests' ability to get back

in their rooms. Id. Attorney Jacobs called the hotel and learned that the main elevator was under repair but that guests were able to use the service elevator and/or stairs without any issues. Jacobs Aff. at ¶ 20. Chaleplis was approximately 30 minutes late to his deposition. Id.

Chaleplis's deposition commenced at 9:32 a.m. Kasolas Decl. at ¶ 13. Attorney Kasolas instructed Chaleplis not to answer several questions. See, e.g., Chaleplis Dep. at 85:18-20; 87:17-89:16; 100:7-8; 101:16-17. The parties took breaks totaling124 minutes, including 83 minutes for lunch. Chaleplis Dep. at 46:9-10; 79:14-15, 108:9-10; 141:8-9; 202:22-23. Due to defendant's counsel's schedule, the deposition concluded at 5:05 p.m. See id. at 265:15-16.[2] Chaleplis, however, was willing to continue until 6:30 p.m. in order to finish the deposition. See id. at 265:4-6. The stenographer reported that Chaleplis' deposition had consumed five hours and thirty-four minutes. Jacobs Aff. at ¶ 24.

## II. ANALYSIS

### A. Defendants Have Not Shown That Marathonitou Was Inadequately Prepared

Defendants argue that Marathonitou was not adequately prepared to testify and that One World must provide an appropriate witness to testify on its behalf. Docket No. 183-1 at 11-12. Rule 30(b)(6) of the Federal Rules of Civil Procedure governs depositions of organizations. Rule 30(b)(6) allows an organization to designate an individual to "testify on its behalf." Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 74 (D. Conn. 2010) (citation omitted). The testimony provided by the corporate representative at a Rule 30(b)(6) deposition binds the corporation. Id. Accordingly, Rule 30(b)(6) imposes burdens on both the discovering party and the designating party. The party seeking discovery is required to describe "with reasonable

---

[2] Defendants' counsel states that he had a 5:00 p.m. "hard stop" but does not explain why. See Jacobs Aff. at ¶¶ 18, 23, 24. At the July 12, 2024 hearing, Attorney Jacobs explained that both he and the stenographer had to leave by 5:00 p.m. due to preexisting obligations.

particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The designating party must make a good faith effort to prepare its designees so that they can answer questions fully, completely and unevasively. Briddell v. Saint Gobain Abrasives, Inc., 233 F.R.D. 57, 60 (D. Mass. 2005) (citation omitted).

"A corporate designee is 'not expected to be a corporate encyclopedia,' able to answer anything and everything about the company." Power Home Solar, LLC v. Sigora Solar, LLC, 339 F.R.D. 64, 76 (W.D. Va. 2021) (citation omitted). "But she is required to be 'reasonably and adequately prepared to answer questions about the relevant deposition topics.'" Id. Here, Defendants have not shown that Marathonitou was inadequately prepared to testify on behalf of One World on those topics listed in the deposition notice. Indeed, Defendants have not provided this Court with the topics of examination or pointed to any questions that she was unable to answer regarding those topics.

Rather, the Defendants focus on the fact that Marathonitou is not an officer or employee of One World and that she does not have "personal knowledge of the facts alleged by One World's First Amended Complaint." See Docket No. 183-1 at 5, 11. Contrary to Defendants' arguments, however, a Rule 30(b)(6) deponent need not be an employee or officer of the corporation or have personal knowledge so long as she is able to testify to "information known or reasonably known to the organization." W Holding Co., Inc. v. Chartis Ins. Co. of Puerto Rico, 300 F.R.D. 43, 46 (D.P.R. 2014). As the Defendants have failed to show that she was in fact not adequately prepared, this Court denies their request for an order compelling One World to again provide a Rule 30(b)(6) witness and grant the Plaintiffs' motion for an order barring any further deposition of a corporate representative of One World.

B. Chaleplis Must Appear For A Continued Deposition In Person In Boston

The Defendants also argue that Chaleplis and his counsel deliberately sought to impede, delay, and frustrate Chaleplis's deposition by arriving late, taking long breaks, and by Attorney Kasolas's repeated speaking objections. See Docket No. 183-1 at 12-13. The Plaintiffs, on the other hand, point out that Chaleplis's deposition was originally scheduled to start at 10:00 a.m. Docket No. 188 at 4. At the conclusion of Marathonitou's deposition, Attorney Jacobs asked if they could commence Chaleplis's deposition at 9:00 a.m., to which Plaintiffs agreed. Id. On the morning of the deposition, Attorney Kasolas emailed Attorney Jacobs to advise him they were running late due to a malfunctioning elevator in Chaleplis's hotel. Id. Despite the delay, the deposition started at 9:32 a.m., approximately 30 minutes prior to the original starting time. Id.

In the morning of the deposition, the parties took three breaks totaling 27 minutes. Id. at 5. In the afternoon, the parties broke one time for 14 minutes. Id. Such breaks do not appear excessive. The bulk of the break time was for lunch (83 minutes). According to Plaintiffs, it was Attorney Jacobs who insisted on an hour-long lunch break. Id.[3] In addition, Chaleplis was willing to stay after 5:00 p.m. to finish the deposition. See Chaleplis Dep. at 264:5-265:10.

Nevertheless, Attorney Kasolas improperly and repeatedly made speaking objections, impeding the conduct of the deposition. See, e.g., Chaleplis Dep. at 22:22-24:21; 55:19-56:3, 90:22-92:2. Moreover, Attorney Kasolas instructed Chaleplis to not answer questions several times on the grounds that such questions sought irrelevant testimony. See, e.g., Chaleplis Dep. at 85:18-20; 87:17-89:16; 100:7-8; 101:16-17. During a deposition, a "person may instruct a

[3] Plaintiffs also allege that during a break near the end of Chaleplis's deposition, Marathonitou overheard Attorney Jacobs tell Manolakos that Attorney Jacobs would intentionally not complete the deposition that day in an effort to hold Chaleplis over the weekend in the United States for another day of deposition. Declaration of Fereniki Marathonitou (Docket No. 190) at ¶ 3.

deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[4] Fed. R. Civ. P. 30(c)(2). Lack of relevance is not generally a sufficient justification for instructing a deponent not to answer a question at a deposition. See Conning v. Halpern, No. 18-cv-12336-ADB, 2020 WL 5803188, at *3 (D. Mass. Sept. 29, 2020) (citations omitted). In any event, I find that the line of questioning at issue (involving B2B Gaming Services Malta Ltd.) seeks relevant information. Accordingly, I deny Chaleplis's motion for a protective order barring any further deposition and order Chaleplis to appear for a continued deposition in person in Boston at a mutually agreeable date within 30 days. The deposition shall be limited to three hours.

C. Plaintiffs' Document Production

The Defendants request that the Plaintiffs be compelled to produce documents responsive to Request for Production Nos. 3, 5, 6, 7, 25, 30, 33, 42, 43, and 44. Docket No. 183-1 at 14-19. Plaintiffs maintain that they have produced all responsive documents but also argue that documents regarding B2B Gaming are not relevant to this case. See Docket No. 188 at 16-18. As referenced above, this Court finds that documents regarding B2B Gaming are relevant. Accordingly, Plaintiffs shall produce any documents responsive to the above-mentioned requests that they have withheld on the grounds that they are not relevant because they relate to B2B Gaming. Plaintiffs shall also produce Chaleplis's electronic calendar that identifies dates of meetings and calls he had with Onoufriadis and individuals he has described as co-conspirators of Onoufriadis. Finally, Plaintiffs shall file a certification executed by both counsel and

[4] Rule 30(d)(3) of the Federal Rules of Civil Procedure allows the deponent or a party to move to terminate or limit the deposition on the ground that "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A).

Chaleplis under the penalties of perjury that they have in fact produced all documents responsive to Requests for Production No. 3, 5, 6, 7, 25, 30, 33, 42, 43, and 44 located after a reasonable search. This Court denies the Plaintiffs' motion for a protective order barring any further discovery related to non-party B2B Gaming.

D. North Shore Loan Documents

Plaintiffs seek an order compelling Defendants to produce "[a]ny and all bank account statements (digital and hard copy), deposit slips, processed check images and/or wiring instructions/wiring confirmations relating to Defendants' and/or Onoufriadis's payments towards the North Shore Loan from July 1, 2022 to the present." Docket No. 188 at 18. Defendants represent that they have produced all responsive documents in their possession. Docket No. 193 at 5. Accordingly, this Court denies Plaintiffs' request but orders the Defendants to file a certification executed both by counsel and the Defendants under the penalties of perjury that they have in fact produced all documents responsive to this request located after a reasonable search.

E. Sanctions

Defendants argue that Plaintiffs and their counsel should be sanctioned for their surreptitious recording of the Rule 30(b)(6) deposition of One World. Docket No. 183-1 at 10-11. At the July 12, 2024 hearing, Defendants suggested that this Court revoke Attorney Kasolas's pro hac vice admission to this Court. They also requested an award of attorney's fees and costs. Attorney Kasolas's conduct in recording the deposition was improper. At this time, however, this Court declines to impose sanctions. This Court warns Attorney Kasolas, however, that such conduct will not be tolerated in the future and may result in sanctions, including revocation of his pro hac vice admission.

F. Dispositive Motions Deadline

The parties request an extension of the deadline for filing dispositive motions. Docket No. 188 at 19; Docket No. 193 at 5. This Court grants the request. Dispositive motions shall be filed no later than September 17, 2024. Oppositions to dispositive motions shall be filed within 30 days after the filing of the motion.

III. ORDER

For the foregoing reasons, this Court grants in part and denies in part Defendants' motion and grants in part and denies in part Plaintiffs' motion. Any documents and/or certifications compelled by this order shall be produced within 30 days.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge